## COMMONWEALTH *vs.* CATHARINE DALEY.

The burden of proving a prior conviction of the offence charged against a defendant is upon him, and is not shifted by *prima facie* evidence of the identity of an offence of which he has been previously convicted, with that now charged against him.

An indictment or complaint for a sale of intoxicating liquor in violation of *St.* 1852, *c.* 322, § 7, which alleges a previous conviction of a similar offence, is not supported without proof that the first conviction was before the commission of the second offence.

A COMPLAINT, made to the police court of Milford, alleged that the defendant on the 4th of December 1854 sold intoxicating liquor to Jonathan Pierce, in violation of *St.* 1852, *c.* 322; and that the defendant had been convicted on the 2d of October 1854 of a like unlawful sale. Plea, *autrefois convict.*

At the trial in the court of common pleas, before *Briggs, J.,* it appeared, by the record of the former conviction, that the sale therein mentioned was to Jonathan Pierce ; and the evidence was that the same witness testified on the former trial, who was relied on to support this complaint, and that the only sales ever made by the defendant to Pierce were on two separate days in June 1854. The defendant.requested the judge to instruct the

18 *

jury " that in order to obtain a conviction in this case the Commonwealth must show on which of the sales the first conviction was had." But the judge declined to give such instructions.

The defendant also requested the judge to instruct the jury that the allegation of a previous *conviction* was not sustained without proof that the offence charged in this complaint was committed since the time of the alleged previous conviction. But this instruction was also refused. The defendant, being convicted, alleged exceptions.

*P. P. Todd*, for the defendant. 1. The defendant having pleaded a former conviction, and it appearing that the evidence offered in that case would support that conviction, it was incumbent on the Commonwealth to show on which sale the first conviction was obtained. 3 Greenl. Ev. § 36. *Regina* v. *Bird*, 5 Cox C. C. 11.

2. The second conviction, upon which the statute imposes a higher penalty, is a conviction of a higher offence—that of repeating the first offence, after being convicted. *St.* 1852, *c.* 322, § 7. *Tuttle* v. *Commonwealth*, 2 Gray, 506.

*P. E. Aldrich*, (District Attorney,) for the Commonwealth. 1. The burden of proving a prior conviction of the same offence was upon the defendant throughout. The proof introduced by him may have been sufficient to sustain this burden, if believed, and not met by other proof on the part of the Commonwealth; but it did not change the burden of proof.

2. The *St.* of 1852, *c.* 322, § 7, provides in general terms that " on the second conviction " of an unlawful sale of intoxicating liquors, the defendant shall be sentenced to an increased penalty ; and does not make it essential that the second offence should have been committed after the first conviction.

BIGELOW, J. On the trial of the issue raised by a plea of *autrefois convict*, the affirmative lies upon the defendant. It is for him to maintain by proof the allegation in his plea of a previous conviction, and to establish the identity of the offence charged in the complaint or indictment, with that of which he stands convicted. Archb. Crim. Pl. (5th Amer. ed.) 90. 1 Russell on Crimes, (7th Amer. ed.) 837, *note i. Rex* v. *Sheen*,

2 Car. & P. 634. On this point, the ruling of the court below was right.

The other and more important question in the case arises on the refusal of the court to give the instruction asked for in behalf of the defendant, concerning the proof necessary to sustain the allegation, in the complaint, of a previous conviction for a similar offence. The complaint charged a sale of intoxicating liquor; it also alleged that the defendant had been previously convicted of a similar offence. The purpose of this last allegation was to render the defendant liable to the additional and aggravated punishment prescribed for a second conviction by *St.* 1852, *c.* 322, § 7. The ground taken by the counsel for the defendant was, that, to warrant a conviction on this last allegation, the Commonwealth was bound to prove that the sale charged in the complaint was made subsequently to such alleged previous conviction. Upon a careful consideration of the terms of the statute, and the object which the legislature had in view in imposing additional and aggravated penalties, as a consequence of second and subsequent convictions of a violation of its provisions, we are of opinion that the defendant was entitled to the instruction for which he asked. Interpreted literally, the language of the statute would seem to justify the conclusion that it was necessary for the Commonwealth to prove only a previous conviction, without regard to the time when the offence on which such conviction was had was committed, in order to subject the defendant to the severer penalty provided in such cases. But such a literal interpretation would contravene the true intent and spirit of the statute.

In the first place, it would be difficult to reconcile it with the provision in the former section, which requires that, if the second conviction is more than one year from the first, the defendant shall be required to give a like bond as is required on the first conviction. This very clearly shows that by the term " second conviction " is intended a conviction of a second offence subsequent in point of time to the first conviction. It implies necessarily that the bond given on the first conviction was meant to comprehend an offence included in a second conviction, if

committed during the year while the bond was in force. This could not be, if a second conviction, in the sense in which it is used in the statute, was intended to apply to an offence committed prior to the first conviction, because the bond, by its terms, can comprehend only offences committed subsequently to the first conviction.

But the more decisive and satisfactory view of the question is found in a consideration of the purpose which the legislature intended to effect by these provisions of the statute. The infliction of increased punishments, as a consequence of second and subsequent convictions of similar offences by the same person, is not unknown in criminal jurisprudence. Under our own system of criminal law, analogous provisions were long in force, by which persons convicted of offences punished by imprisonment in the state prison were liable to additional punishment upon each successive sentence to confinement therein. *St.* 1833, *c.* 83. Rev. Sts. *c.* 133, § 16. The sole object of all such penal enactments is to deter persons from the repeated commission of similar offences, by imposing additional and severer penalties for each successive violation of law; that is, to punish second offences more severely than first, and third more severely than second; and thus, by aggravating the punishment for each successive violation of law, to prevent persons from becoming old and hardened offenders. Such, we have no doubt, was the object of the provisions in the section of the statute under consideration. After a conviction of a first offence under the seventh section, the statute was intended to prevent a repetition of the offence, by holding up before the offender an increased punishment; so that, after having suffered the first penalty, he might be thereby deterred from incurring the aggravated punishment consequent on a conviction of a similar offence subsequently committed. The main purpose of every humane penal code is to prevent the commission of crime. The law does not seek to take vengeance upon its violators. It strives by its penalties to warn and hinder rather than to punish. To hold that, under this statute, a person might incur the heavier punishment provided in case of a second conviction, for an offence committed prior to the

first conviction, would be contrary to those humane principles, and would reverse the due order of punishment. It would punish the first, and of course the more venial offence, with a severer penalty than the second and more aggravated one. It would require very clear and explicit language to lead us to the conclusion that the legislature intended to establish any such system of punishment.

It is no answer to this view to say, that if a party has twice violated the law, he ought therefore to suffer the aggravated punishment without regard to the time when the offences were committed. Such an argument loses sight of the principle on which aggravated penalties are prescribed. That principle is that the offender is first to incur the lighter penalty, and be thereby subjected to the discipline which penal enactments are intended to exert upon the violators of law, before he can be liable to incur the more aggravated punishment. We are therefore of opinion that, by a true construction of the provisions of the statute by which additional punishments are prescribed, the second and third convictions therein specified are intended to be convictions of second and third offences, and that it is incumbent on the government to prove that the offence charged against a party was committed subsequently to the previous conviction alleged in the complaint or indictment, in order to subject him to the higher penalties prescribed in cases of second and subsequent convictions *Exceptions sustained.*